Case Number 22-6024

_____

THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

SAMANTHA RAJAPAKSE

*Plaintiff-Appellant*


*v.*


INTERNET ESCROW SERVICES, INC.

DBA ESCROW.COM

*Defendant-Appellee*


On Appeal for the United States District Court
For the Eastern District of Tennessee at Chattanooga

_____

**BRIEF OF APPELLEE**
_____


MICHAEL W. PROZAN
My General Counsel PC
851 N. San Mateo Drive, Suite C
San Mateo, CA 94401
Mike@mgcgroup.com
650 218-4973

1

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**Disclosure of Corporate Affiliations**

**And Financial Interest**

Sixth Circuit
  Case Number 22-6024          Case Name: Samantha Rajapakse v. Internet Escrow
                                               Services, Inc.dba Escrow

Name of Counsel:  Michael W. Prozan

Pursuant to 6th Cir. R. 26.1, Internet Escrow Services, Inc. dba Escrow.com makes
the following disclosure:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes,
    list below the identity of the parent corporation or affiliate and the
    relationship between it and the named party:

    Yes. Internet Escrow Services, Inc. is 100% owned subsidiary of Freelancer
    Limited which is trading on the ASX (Australia) under the ticker FLN and
    OTCQX in the US under the ticker FLNCF

2.  Is there a publicly owned corporation, not a party to the appeal, that has a
    financial interest in the outcome? If yes, list the identity of such corporation
    and the nature of the financial interest:

    Yes. Internet Escrow Services, Inc. is a 100% owned subsidiary of
    Freelancer Limited which is trading on the ASX under the ticker FLN and
    OTCQX in the US under the ticker FLNCF.

## CERTIFICATE OF SERVICE

I certify that on March 21, 2023 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users, or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record or by email pursuant to agreement between the parties.

*Michael Prozan*
_____
Michael Prozan

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

**Disclosure of Corporate Affiliations** ........................................................ i

**And Financial Interest** .......................................................................... i

**TABLE OF CONTENTS** ...................................................................... iii

**TABLE OF AUTHORITIES** ................................................................ iv

**STATEMENT OF THE ISSUES** ..........................................................1

**STATEMENT OF THE CASE** .............................................................1

**SUMMARY OF ARGUMENT** ..............................................................7

**ARGUMENT** ........................................................................................9

   **I.** **THE DISTRICT COURT PROPERLY DISMISSED THE FRAUD CAUSE OF ACTION OF THE PLAINTIFF FOR FAILURE TO PLEAD AN UNTRUTHFUL STATEMENT ATTRIBUTABLE TO IES.** ........................................................................9

   **II.** **THE DISTRICT COURT PROPERLY DISMISSED THE NEGLIGENCE CAUSE OF ACTION FOR FAILURE TO PLEAD FACTS TO SUBSTANTIATE A SPECIAL RELATIONSHIP.** ......................................................................11

   **III.** **THE DISTRICT COURT PROPERLY DISMISSED THE TCPA CAUSE OF ACTION FOR FAILURE TO PLEAD FACTS TO SUBSTANTIATE A VIOLATION.** ............12

   **IV.** **THE DISTRICT COURT PROPERLY DISMISSED THE BREACH OF CONTRACT CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION.** ........................................12

   **V.** **THE DOCTRINE OF UNCLEAN HANDS DOES NOT APPLY** ................................15

   **VI.** **THE CLAIMED CONSPIRACY CAUSE OF ACTION FAILS.** ............................16

**CONCLUSION** ...................................................................................17

**CERTIFICATE OF COMPLIANCE** ...................................................18

**CERTIFICATE OF SERVICE** ............................................................19

**APPELLEE'S DESINGATION OF RELEVANT DISTRICT COURT DOCUMENTS** ......................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001)........................................20

*Carter v. Patrick*, 163 S.W.3d 69, 77 (Tenn. Ct. App. 2004) ..................................................13

*Dale v. Thomas H. Temple Co.*, 208 S.W.2d 344, 353 (Tenn. 1948)........................................20

*Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998))..................................................14

*Gill v. Allstate Ins. Co.*, 458 F.2d 577 (6th Cir. 1972) ..................................................17

*Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009)..................................................13

*Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)) ............................13

*In re Mattie L.*, 618 S.W.3d 335 (Tenn. 2021) ..................................................20

*In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991)..................................8, 16

*Johnson v. Woman's Hosp.*, 527 S.W. 2d 133, 141 (Tenn. Ct. App. 1975)........................8, 17

*Kovacs v. Chesley*, 406 F.3d 393, 395–97 (6th Cir. 2005) ..................................................17

*Marr v. Mongomery Elevator Co.*, 922 S.W.2d 526, 529 (Tenn. Ct. App. 1995)........................15

*Memphis Light, Gas & Water Division v. Starkey*, 244 S.W.3d 344 (Tenn. Ct. App. 2007), perm. appeal denied, (Nov. 19, 2007)..................................................18

*Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 30 ..................7, 15

*Ozomoor v. T-Mobile USA, Inc., 354 F. App'x 972, 973* (6th Cir. 2009) ..........................8, 17

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)..................................................13

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ..................................17

*Trau-Med of America, Inc.*, 71 S.W.3d at 703 ..................................................20

*Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 704–05 (M.D. Tenn. 2018) ..........................7, 15

## Statutes

28 U.S.C. § 1332..................................................8

Tenn. Code Ann. § 47-18-104(b)(1)–(26), (28)–(56)..................................................7, 16

## Rules

Fed. R. Civ. P. 12(b)(6) ..................................................13

Fed. R. Civ. P. 9(b)..................................................14

## STATEMENT OF THE ISSUES

Did the District Court properly dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted when Plaintiff claimed causes of action for fraud, negligence, violation of the Tennessee Consumer Protection Act, and Breach of Contract against the Defendant?

## STATEMENT OF THE CASE

On July 12, 2021, Plaintiff Samantha Rajapakse filed her complaint in the Eastern District of Tennessee against Ebay Motors, Ebay.com, and Internet Escrow Services, Inc. d/b/a/ Escrow.com ("IES"). See Document No 2 filed July 12, 2021.

On January 11, 2022, Plaintiff filed her first amended complaint. Doc. 24.

On January 12, 2022, Plaintiff filed her second amened complaint. Doc. 25.

On January 14, 2022, the Court granted the motion of Rajapakse to dismiss Ebay Motors and Ebay.com from the complaint and struck the first and second amended complaints. See Document 26.

On January 20, 2022, Plaintiff filed her next amended complaint. Doc. 30.

On September 6, 2022, the Court denied the motion to dismiss of IES *in part* as to subject-matter jurisdiction, personal jurisdiction, and venue. The Court held the balance of the motion in abeyance for the parties to reach a negotiated settlement.  Doc. 52.

On September 30, 2022, the Court dismissed with prejudice the causes of action for fraud, negligence, and violation of the Tennessee Consumer Protection Act.  The Court dismissed without prejudice the breach of contract cause of action based on lack of jurisdiction.  Document 64.

By way of background, the case involved the purchase or a car on Ebay for $1900 with IES acting as the escrow agent.

Specifically, as to the fraud cause of action, the Court found that the complaint did not appear to allege any fraudulent statements by IES but rather by the seller of the car.  At most, she made generic allegations.  " 'First Plaintiff was deceived by the seller and later by Escrow.com the Defendant committing fraud. (Doc. 30 at 7.)' "  Document 64. She never identified a false statement attributable to IES.  Doc 64 P538. Document 64.

In connection with the negligence claim, the Court found that the relationship was contractual and that Plaintiff had not identified any special duty that IES owed her which would render IES subject to a claim for

negligence. *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 704–05 (M.D. Tenn. 2018) (quoting *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992)) ("[W]here the alleged 'breach of duty' that a plaintiff alleges occurred is a breach of contractual obligations, whether or not the defendant was negligent in attempting performance, 'the action remains in contract.'"). See Doc 64 Page 538-540.

In connection with the "Tennessee Car Law" and Tennessee Consumer Protection Act claims regarding punitive damages, the Court found:

> The section titled "Tennessee Car Law" does not identify any statutory or common-law cause of action regarding cars. (Id. at 7.) The section seeking punitive damages under the TCPA does not cite any of the fifty-five specific subsections of the TCPA under which an individual may bring a legal action, see Tenn. Code Ann. § 47-18-104(b)(1)–(26), (28)–(56), nor does it allege facts that would state a plausible claim for relief under any of those sections. (Doc. 30 at 7–8.) The amended complaint thus fails to state a claim for violation of a Tennessee car law or the TCPA.  Doc 64.

In connection with the breach of contract claim, the Court addressed subject-matter jurisdiction prior to the substance of the claim of breach.  The

3

Court noted its continuing obligation to address subject matter jurisdiction. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted). It found the only basis for subject-matter jurisdiction was diversity jurisdiction and that the Plaintiff had not plead an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. The Court first discussed the claim of $100,000 for emotional distress and similar damages, noting that such damages could not be claimed because they not contract damages and the tort claims were being dismissed. It concluded that, to a legal certainty, because such damages were not recoverable in contract, they could not count towards the jurisdictional amount. *Ozomoor v. T-Mobile USA, Inc., 354 F. App'x 972, 973* (6th Cir. 2009) and *Johnson v. Woman's Hosp.*, 527 S.W. 2d 133, 141 (Tenn. Ct. App. 1975).

Next the Court discussed the following claimed damages: $1900 cost of the car, $3500 for repairs, $87 per day for loss of use, and $25 per day storage costs. As to the cost of the car and repairs, the Court noted that the combined amount totaled $5400, or $69,600 short of the jurisdictional amount. The Court addressed the claims for loss of use and storage claims. It noted that to the reach the jurisdictional amount, a jury would have to award such claims for 622 days or forty times over the purchase price of the car at issue. The Court concluded that such an award would be "impossible"

4

"improper" and "inconceivable" under the facts of this case.  Thus, the Court concluded that the breach of contract claim did not satisfy the jurisdictional amount.

The Court then entered judgment in favor of Defendant.  Document 65.

The Court denied a motion for reconsideration. Doc. 65.  Plaintiff then appealed.  Doc. 66 and 67.

## STATEMENT OF FACTS

Appellee adopts the statement of facts as set forth by the District Court in the Memorandum related to the Order being appealed.  Doc 64.  It reads as follows:

In April 2021, Plaintiff offered $1,900 to purchase a vehicle from nonparty Evans Boakye ("Seller") in response to an advertisement Seller had placed on eBay. (Doc. 25 at 3.) Seller accepted, and Plaintiff and Seller used Defendant as an escrow agent for the transaction. *(Id.)*  Plaintiff paid $692 separately to have the vehicle shipped from Seller in Virginia to Plaintiff in Tennessee. *(Id.)*

Plaintiff was not satisfied with the condition of the vehicle during the two-day inspection period after delivery. *(Id.)* She communicated this dissatisfaction to Seller and Defendant. *(Id. At 3–5.)* Seller initially agreed to pay $300 to cover part of the return

5

shipping costs but ultimately declined to do so. *(Id. at 4.)* Plaintiff could not afford to return the vehicle and it remains in Tennessee, where Plaintiff is paying to have it stored. *(Id. at 4, 11.)* Defendant released the escrowed payment of $1,900 to Seller despite having been informed through emails that the vehicle was not as Plaintiff had expected it to be and that she wanted to return the vehicle to the Seller. *(Id. at 4.)*

To supplement the brief description, the complaint notes that "Despite rejecting the transaction and seeking return of the vehicle to the seller, Escrow.com released the funds to the seller and closed the transaction." Although not in the complaint, in the "Statement of Case for Appeal" she acknowledges that she was informed she would be responsible for returning the car within ten days of the funds would be released.  She did not appear to want to pay for or could not pay for the return and nowhere states she returned the car within the ten day time frame.  She also claims $3500 in costs to repair the car.  However in the nearly three years this case has been pending, nowhere does she allege that the car has been repaired.  As damages, she claims:

1. $1900 for the car.

2. $3500 for repairs.

3.  $87 per day for being deprived of the use of a car.

4.  $25 for storage fees.

With respect to being without a car, she avers she used a third party vehicle, does not indicate whether it was a rental or borrowed.

## SUMMARY OF ARGUMENT

The Court should affirm the dismissal of the claims of the of the Plaintiff by the District Court.

On the fraud claim, the District Court properly found that the complaint does not cite to any untruthful statements made by IES to induce Plaintiff to use its services nor does it provide any evidence that at the time the Plaintiff entered into the agreement to use the services of IES that IES made a promise which it did not intend to keep. Exactly the opposite, the funds were released because Plaintiff to pay $899 dollars to return the car within the time allotted. Had she done so, it appears the funds would have been released to her and the damages under any theory would have been reduced from $1900 to $899, a reduction of $1001 or over 50%.

On the negligence claim, the District Court properly found the relationship to be contractual and not one of trust and confidence so that Plaintiff could not bring a negligence claim against IES.

On the Tennessee Consumer Protection Act Claim, the District Court properly found that the complaint failed to identify any category of the law which had been violated by IES.  In her brief, she only discusses the act generically and does not cite to any act with IES did which violated any specific statutory violation.

On the breach of contract claim, the District Court properly found that Plaintiff could not, to a certainty, establish that her damages exceeded $75,000. Emotional distress damages are not available in contract claims. Plaintiff also failed to mitigate damages in two material respects.  First, she failed to pay the $899 to return the car.  Second, failing to do that, it appears that to date, she has not paid the $3500 to get the car repaired in a timely manner.  Had she done so, damages would have been $5400 plus her daily claims of $87 for loss of use and $25 for storage for maybe two weeks.  To a certainty, she cannot recover daily damages of $112 from April. 2020 to date of judgment because she failed to mitigate damages.  All damages beyond the time need to repair the car have been created by her own delay.

## STANDARD OF REVIEW

The Sixth Circuit reviews a district court's grant of a motion to dismiss pursuant to a de nova standard of review. See *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). When applying that standard, the Court's review is essentially

the same as the district court initially reviewing a complaint to determine whether a claim has been adequately pied. See id.

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

### I.  THE DISTRICT COURT PROPERLY DISMISSED THE FRAUD CAUSE OF ACTION OF THE PLAINTIFF FOR FAILURE TO PLEAD AN UNTRUTHFUL STATEMENT ATTRIBUTABLE TO IES.

The District Court could not find any untruthful statements attributable to IES prior to Plaintiff engaging the services of IES.  Plaintiff does not attempt to argue otherwise.

Untruthful statements are an element of fraud.  *Carter v. Patrick*, 163 S.W.3d 69, 77 (Tenn. Ct. App. 2004). Further, when Plaintiff asserts a fraud cause of

action, she must do so with particularity.  Fed. R. Civ. P. 9(b). In the words of the District Court:

> To do so requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). Doc 60.

The District Court properly found that any actual untruthful statements constituting an element of a fraud claim were attributable to the Seller not IES. The brief of the Plaintiff appears to concede this as it does not directly address the issue by identifying with specificity any untruthful statements made by IES.

As to IES, exactly the opposite of fraud occurred. In her brief, she appears to confirm that IES followed the letter of the agreement.  Specifically, it informed her that she had ten days from delivery to return the car or the funds would be released to the seller.  The funds appear to have been released because she did not want to or could not pay $899 for return of the car and did not timely return the car.  She offers no evidence that the contract specified anything different or, that under the terms of the contract, IES had the authority to determine who should pay the cost of return. Any claimed inability to pay did not excuse her contractual obligation.

Any inability to pay for the return was not caused by the Seller much less IES. Neither had any obligation to pay to return the car if she could not.

Since an untruthful statement is an element of a fraud cause of action, and Plaintiff has failed to allege an untruthful statement attributable to IES, the fraud cause of action fails.

## II.    THE DISTRICT COURT PROPERLY DISMISSED THE NEGLIGENCE CAUSE OF ACTION FOR FAILURE TO PLEAD FACTS TO SUBSTANTIATE A SPECIAL RELATIONSHIP.

The negligence cause of action fails for want of a special relationship. Plaintiff does not attempt to argue otherwise. Plaintiff avers negligence by IES for failure to protect her from the fraud she claims the seller perpetuated upon her. However, to establish a claim for negligence, she needs to plead a special relationship, such as "carrier-passenger, innkeeper-guest, employer-employee, landowner-invitee," or "host-social guest." *Marr v. Mongomery Elevator Co*., 922 S.W.2d 526, 529 (Tenn. Ct. App. 1995). The District Court properly noted that the facts plead do not substantiate that a special relationship existed. The Court noted that the claims were contractual and that contractual claims cannot give rise to a negligence cause of action. See *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 704–05 (M.D. Tenn. 2018) (quoting *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992)) ("[W]here the alleged 'breach of duty'

11

that a plaintiff alleges occurred is a breach of contractual obligations, whether or not the defendant was negligent in attempting performance, 'the action remains in contract.'")

## III.    THE DISTRICT COURT PROPERLY DISMISSED THE TCPA CAUSE OF ACTION FOR FAILURE TO PLEAD FACTS TO SUBSTANTIATE A VIOLATION.

Plaintiff failed to plead any facts alleging a violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(b)(1)–(26), (28)–(56) ("TCPA"). Nor does her complaint or brief identify any specific section which might have been violated. Rather, she appears to be claiming some sort of general unfairness in the situation because of issues with the car. Whether generically "fair" or not to the Plaintiff, she makes no attempt to explain how the actions of IES provision violated any specific provision of the TCPA.

## IV.    THE DISTRICT COURT PROPERLY DISMISSED THE BREACH OF CONTRACT CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION.

The District Court properly dismissed the breach of contract claim for lack of subject matter jurisdiction. Specifically, under no circumstance could the Plaintiff claim any ability to recover more than $75,000 for diversity jurisdiction.

The District Court correctly noted that it has a continuing obligation to review cases pending before it for subject matter jurisdiction. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted). Generally, the damage

allegations of the Plaintiff control unless Plaintiff cannot recover the stated amount "to a legal certainty."  The District Court described the situation as follows:

> The amount in controversy is based on "the plaintiff's alleged amount unless 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed[.]'" *Ozomoor v. T-Mobil USA, Inc*., 354 F. App'x 972, 973 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Such a "legal certainty" exists "when state law categorically bars the plaintiff from recovering the necessary amount." Id. (citing *Kovacs v. Chesley*, 406 F.3d 393, 395–97 (6th Cir. 2005)). Such a "legal certainty" also exists where it is obvious from the face of the complaint that the suit cannot involve the required amount of damages, although this rule must be applied with caution. Id. at 973–74 (quoting *St. Paul Mercury*, 303 U.S. at 292)); see also *Gill v. Allstate Ins. Co.*, 458 F.2d 577 (6th Cir. 1972) (affirming dismissal for lack of subject matter jurisdiction where record supported the conclusion that the damages at issue could not be in the required amount). Doc 60.

Next it addressed the claim of $100,000 for "mental duress, emotional duress, humiliation, depression due to negligence caused by Escrow.com negligence of non performance of the contract between the parties to protect Plaintiff.  The Court pointed out that to a legal certainty, such damages are not recoverable in a contract claim. *Johnson v. Woman's Hosp.*, 527 S.W. 2d 133, 141 (Tenn. Ct. App. 1975).

13

(damages for mental anguish not recoverable in contract action, with exception in cases for burial or embalmment of a body). Given that the other claims were dismissed, such damages could not be applied to meet the $75,000 threshold. Doc 60.

Finally, the Court addressed the other categories of damages, specifically, (1) the $1900 purchase price of the car; (2) the $3500 cost of repairs; (3) $87 per day for loss of use of the car; and (4) $25 per day storage fee.

With regard to the purchase price and repair cost, combined as the District Court did, these totaled $5400, $69,600 short of the $75,000 threshold. But, really she is only entitled to one. She cannot suffer purchase price damage if the car gets repaired. And if the car is returned and she gets her purchase price back, she does have any repair damages.

Combining the loss of use and storage fee claims, the Court noted that Plaintiff would need to establish both those categories of damages for 622 days to reach the $75,000 threshold. To a legal certainty, the Court concluded, she could not do this. Doc 60.

Plaintiff had a duty to mitigate her damages. *Memphis Light, Gas & Water Division v. Starkey*, 244 S.W.3d 344 (Tenn. Ct. App. 2007), perm. appeal denied, (Nov. 19, 2007). Not only did she fail to do this in two ways, but admits that she did not as to one of those two ways.

14

First, she refused to pay the $899 to return the car. Had she done so, repair costs, loss of use, and storage would all be $0. And her purchase price damages would be $1900-899=$1001.

Second, even if she kept the car, she should have gotten it repaired promptly to mitigate loss of use and storage damages. Had she done so, damages would be repair cost $3500 plus two weeks for her claimed loss of use and storage fees or ((87+25)*14=$1568. To a legal certainty, she cannot claim any right to allow 622 days of loss of use and storage fees to accrue on a $1900 car. *To award that level of damages would be to award her most likely more than the price of a new car of the same make and model.* Putting it in the perspective of the District Court, to meet the jurisdictional amount, her claim would need to be forty times the price of the $1900 car.

## V.    THE DOCTRINE OF UNCLEAN HANDS DOES NOT APPLY

Plaintiff raises the application of the doctrine of unclean hands for the first time in this appeal. The doctrine of unclean hands bars someone from seeking an equitable remedy who does not come with clean hands. It does not apply in this case for two reasons. First, it only applies in cases where equitable remedies are claimed. Second, it only applies to the party seeking the remedy. In this case, Plaintiff seeks damages as her remedy, not equity. Second, IES is not seeking

anything, only to defend against the damages action brought by Plaintiff.  See *In re Mattie L.*, 618 S.W.3d 335 (Tenn. 2021).

## VI.   THE CLAIMED CONSPIRACY CAUSE OF ACTION FAILS.

For the first time in her brief, Plaintiff claims conspiracy to defraud.  The claimed conspiracy cause of action fails.  A civil conspiracy "is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Trau-Med of America, Inc.*, 71 S.W.3d at 703; see *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001) ( citing *Dale v. Thomas H. Temple Co.*, 208 S.W.2d 344, 353 (Tenn. 1948)).

Plaintiff admits in her brief that IES did not have prior knowledge of any potential wrongdoing by Seller.  Rather, she claims, IES acquiring knowledge of possible wrongdoing after the fact "shifted" the wrongdoing to IES.

First, nothing was accomplished by "unlawful purpose" by IES.  All IES appears to have done is to attempt to enforce its contract by requiring the Plaintiff to pay for the cost of return of the car.  Plaintiff did not and the funds were turned over apparently per the agreement between the parties.  She has yet to cite to any provisions in the agreement which relieve her of this obligation whether she could afford to pay or not.  Second, there is no evidence that IES intended to defraud the

Plaintiff or that the Seller had knowledge of any wrongful intent of IES. Even if she establishes knowledge of IES of the fraudulent intent of the Seller, that does not establish intent of IES or acting in concert.

## CONCLUSION

For the foregoing reasons, the appeal should be denied. The District Court order should stand. The case should be dismissed.

March 21, 2023

Respectfully Submitted,


*Michael Prozan*
_____
Michael Prozan
Counsel to Internet Escrow Services, Inc.

17

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned certifies this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B).

1. EXCLUSIVE OF THE EXEMPTED PORTIONS IN FED. R. APP. P. 32(a)(7)(B), THE BRIEF CONTAINS:

   4,768 words

2. THE BRIEF HAS BEEN PREPARED:

   in proportionally spaced typeface using:

   Times New Roman 14 pt

3. IF THE COURT SO REQUESTS, THE UNDERSIGNED WILL PROVIDE AN ELECTRONIC VERSION OF THE BRIEF AND/OR COPY OF THE WORK OR LINE PRINTOUT.

   4. THE UNDERSIGNED UNDERSTANDS A MATERIAL

4. MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN FED. R. APP. P. 32(a)(7)(B), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

*Michael Prozan*
—————————————————
Michael W. Prozan

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Brief of Appellee with the

Clerk of the Court by using the CM/ECF system on this 21st day of March, 2023.

Pursuant to agreement between the parties, I certify that on this 21st day of March,

2023, I am serving Samantha Rajapakse by email at

Samantha.rajapakse@outlook.com, Plaintiff

*Michael Prozan*

_____

Michael Prozan

**APPELLEE'S DESINGATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Document No. | Description of Document | Date Filed |
|---|---|---|
| 2 | Complaint | 7/12/21 |
| 24 | Amended Complaint | 1/11/22 |
| 25 | Amended Complaint | 1/12/22 |
| 26 | Memorandum and Order | 1/14/22 |
| 30 | Amended Complaint | 1/20/22 |
| 51 | Memorandum | 9/6/22 |
| 52 | Order | 9/6/22 |
| 64 | Memorandum | 9/30/22 |
| 65 | Order | 9/30/22 |
| 67 | Memorandum and Order | 11/10/22 |
| 68 | Notice of Appeal | 11/21/22 |